JOHN R. GIBSON, Circuit Judge,
concurring in part and dissenting in part.
I concur in the holding that prosecutorial misconduct compels a new trial in this case. I respectfully dissent from that part of the court’s opinion regarding the “use” of firearms under 18 U.S.C. § 924(e) (1994).
The district court instructed the jury that “[a]n individual who exchanges a controlled substance for a firearm ‘uses’ the firearm during and in relation to a drug trafficking offense.” I believe this materially misstates the law, and directs a verdict on the firearm charges.
The court today approves this instruction by expanding the Supreme Court’s holdings in Smith v. United States, 508 U.S. 223, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993), and Bailey v. United States, — U.S. -, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and neglecting the distinction between using a firearm to obtain drugs and using drugs to obtain a firearm. In its opinion, the court states that trading drugs for guns instead of trading guns for drugs, as was the case in Smith, amounts to a distinction without a difference. Op. at 1510. The court concludes that the Cannons used the guns within the meaning of the statute “when they proposed to the agents that the Defendants’ drugs be traded for the weapons, and then obtained the weapons in trade.” Id. I believe this conclusion goes beyond the “ ‘ordinary or natural’ meaning” of the term “use” and allows for a conviction under section 924(c)(1) without “active employment of the firearm” by the defendant. Bailey, — U.S. at -, 116 S.Ct. at 506. Such a holding is prohibited by the Supreme Court’s recent interpretation of the term “use” in section 924(c). Id.
Looking to Smith for guidance, the Supreme Court recently reiterated that “[t]he word ‘use’ in the statute must be given its ‘ordinary or natural’ meaning, a meaning variously defined as ‘[t]o convert to one’s service,’ ‘to employ,’ ‘to avail oneself of,’ and ‘to carry out a purpose or action by means of.’ ” Bailey, — U.S. at -, 116 S.Ct. at 506 (quoting Smith, 508 U.S. at 229, 113 S.Ct. at 2054 (citing Webster’s New International Dictionary of English Language 2806 (2d ed.1949) and Black’s Law Dictionary 1541 (6th ed.1990))). The central holding of Bailey, — U.S. at -, 116 S.Ct. at 506-509, is that the government must show active employment of the firearm so as to establish use under section 924(e). The Court stated that Smith faced the question of “whether the barter of a gun for drugs was a ‘use,’ and concluded that it was.” Bailey, — U.S. at -, 116 S.Ct. at 505. The Court then referred specifically to bartering “with a firearm,” id. at -, 116 S.Ct. at 507, and “bartering” a firearm, id. at -, 116 S.Ct. at 508, which language denotes that the object bartered, and thus used, was the firearm.
Smith, 508 U.S. at 237, 113 S.Ct. at 2058, held that trading a firearm for drugs was using the firearm within the meaning of section 924(c). In drawing this conclusion, the Court turned to section 924(d) for assistance in interpreting section 924(c). Id. at 234-36, 113 S.Ct. at 2056-58. The Court noted that “one who transports, exports, sells, or trades a firearm ‘uses’ it within the meaning of section 924(d)(1) — even though those actions *1511 do not involve using the firearm as a weapon.” Id. at 235, 113 S.Ct. at 2057. Further, “using a firearm” must mean the same thing in both section 924(c)(1) and section 924(d). Id.
The court today relies on the fact that section 924(d) provides for forfeiture when “unlicensed receipt of a weapon from outside the State, in violation of section 922(a)(3),” occurs. In addition, forfeiture may also occur when one receives stolen firearms in violation of section 922(j). See Smith, 508 U.S. at 234 n. *, 113 S.Ct. at 2057 n. *. Certainly, one who receives an illegal firearm must forfeit that weapon under section 924(d). This, however, offers no support for concluding that a person receiving a firearm in exchange for drugs “used” the firearm within the meaning of section 924(c), so as to require a mandatory minimum sentence, here thirty years. This was not the question decided in Smith, and such a conclusion cannot withstand scrutiny in light of the Court’s ruling in Bailey.
Smith, 508 U.S. at 234-35, 113 S.Ct. at 2056-57, examined all of section 924(d)[5] in deciding that transporting, exporting, selling, and trading were all “use” within the meaning of section 924(d)(1). This is consistent with Bailey, - U.S. at -, 116 S.Ct. at 506-07, as each of these activities involves the “active employment” of a firearm.
Bailey constrains the holding in Smith and prohibits the broad interpretation used by the court today. Smith and Bailey can only be reconciled by limiting Smith to its express holding: When a person who has a firearm trades that firearm in exchange for drugs, that person has used the firearm to obtain drugs. The case simply cannot stand for the converse of this proposition.
The Cannons here possessed drugs that they traded for firearms. After receiving the firearms, they were promptly arrested leaving the motel with the firearms in hand. While the Cannons actively employed the drugs in order to obtain the firearms, there was no “evidence sufficient to show an active employment of the firearm by the defendant.” Bailey, — U.S. at -, 116 S.Ct. at 506. Thus, the Cannons did not “use” the firearms within the meaning of section 924(e)(1),[6] and the district court erred in instructing the jury that exchanging a controlled substance for a firearm constituted “use” of a firearm.
I would reverse and remand on this issue as well.

. Unlicensed receipt of weapons from outside the state and receipt of stolen firearms were only two of the numerous weapon offenses resulting in forfeiture and considered by the Court in Smith, 508 U.S. at 234 n. *, 113 S.Ct. at 2057 n. *.

. I also believe that it cannot be said that the Cannons used or carried the firearms "during and in relation to” a drug trafficking offense. I do not treat this issue in detail because the court’s direction that a person exchanging drugs for a firearm uses it during and in relation to the drug trafficking offense essentially directs a verdict for the government, which is plainly error.